# In the United States Court of Federal Claims

No. 14-564C
(Filed: January 9, 2015)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WILLIAMS FARMS, LLC,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

    Before the court is defendant's consent motion to dismiss in which defendant alleges that 28 U.S.C. § 1500 (2012) ("section 1500"), precludes this court's exercise of jurisdiction. The issue is whether plaintiff's takings claim is properly in this court when plaintiff also has a tort claim pending in a district court and both claims seek a remedy for damages allegedly suffered due to a media release by the Food and Drug Administration ("FDA"). For the reasons set out below, we grant the motion to dismiss for lack of jurisdiction pursuant to the Rules of the Court of Federal Claims ("RCFC"), Rule 12(b)(1).

    In its complaint, plaintiff alleges that its tomato business suffered damages due to a misleading press release authored by the FDA during harvest season, which allegedly caused a marked decreased in sales revenue. The media release announced that the FDA suspected recent salmonella poisoning was caused by contaminated tomatoes. Despite the FDA's concession that none of plaintiff's tomatoes were identified as the source of contamination, the FDA failed to include plaintiff on the list of safe tomato providers. Plaintiff asserts that as a result of the FDA's oversight, the market price and purchaser commitment drastically decreased.

    To recover damages, plaintiff first filed an administrative tort claim with the agency, which was denied. Plaintiff subsequently filed a complaint in

the District Court of South Carolina on June 8, 2011 alleging, *inter alia*, a tort claim and a takings claim. The district court dismissed the takings claim[1] but retained jurisdiction of the tort claim. At a time when the tort action was still pending in the district court, plaintiff filed its complaint here on July 2, 2014 alleging a taking.

Defendant responded by filing what it characterizes as a consent motion to dismiss invoking section 1500, which deprives this court's exercise of jurisdiction over any claim that is pending in another court. *See* § 1500. In its complaint, plaintiff explains that, if the district court does not grant relief based on the pending tort claim, plaintiff intends to pursue relief from this court by way of its takings claim. Plaintiff adds that it filed this suit to exploit all potential channels of relief. It does not seek double recovery. Plaintiff has not otherwise responded to the motion to dismiss.

Section 1500 provides that this court does "not have jurisdiction of any claim for or in respect to which plaintiff . . . has pending in any other court any suit . . . against the United States." *Id.* The purpose of section 1500 is to avoid duplicate litigation against the United States. *Bailey v. United States*, 46 Fed. Cl. 187, 193 (2000). For the purposes of this statute, courts must compare whether the two claims are "based on substantially the same operative facts." *Keene Corp. v. United States*, 508 U.S. 200, 212 (1993).

As we evaluate plaintiff's two claims, namely, the tort claim in the district court and the takings claim in this court, we bear in mind that claims are considered the same if they share a basis of substantially overlapping operative facts. It is not required that the facts be identical. *See id.* When there is substantial factual overlap, section 1500 operates to bar this court from exercising jurisdiction. *Iowa Tribe of Kan. & Neb. v. United States*, 101 Fed. Cl. 481, 483 (2011).

Here, defendant argues that the "two operative complaints are virtually identical." Def.'s Mot. to Dismiss 7. We agree with defendant. Both complaints allege that the FDA's nationwide recall of tomatoes without identifying the specific source of illness and defendant's subsequent failure to designate plaintiff as an approved tomato provider caused a significant drop

---

[1] Plaintiff sought to recover $11,147,577 in its complaint filed at the district court. The district court does not have jurisdiction over takings claims exceeding $10,000. 28 U.S.C. § 1346(a)(2).

in the tomato market price during a critical time of harvest season that allegedly led to plaintiff's financial damages. The only divergence in the two claims are slight linguistic alterations, which carry identical operative meanings. For instance, "damages sustained as a result of" in the district court complaint is changed to "injuries that were caused by" in the complaint submitted to this court. Def.'s Mot. to Dismiss App. A43; Compl. ¶ 4.

Much ink has been spilled over the continued existence of section 1500, which can only be characterized as a statutory coelacanth. Unfortunately and unnecessarily, it is still the law and continue to do mischief. Nevertheless, due to the serendipity that the filing here comes second in time, we must dismiss. Plaintiff has indeed articulated substantially overlapping factual allegations as the basis of its two claims. Since the only significant difference in the case pending in the district court and the complaint in this case is the legal theory by which plaintiff seeks to recover from the same factual incident, section 1500 dictates the outcome, which is dismissal of plaintiff's takings claim for want of jurisdiction. *Keene Corp.,* 508 U.S. at 212 ("That the two actions were based on different legal theories did not matter.")

For the aforementioned reasons, we grant defendant's motion to dismiss pursuant to RCFC 12(b)(1). The clerk's office is directed to enter judgment dismissing the action without prejudice. No costs.

 s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge